UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK RUSHING,                )
                             )
        Plaintiff,            )
                             )
    v.                       )       Cause No. 3:18-CV-181 PPS
                             )
ELKHART COUNTY, *et al.*,    )
                             )
        Defendants.           )

## OPINION AND ORDER

Mark Rushing, a *pro se* prisoner, filed a complaint in the United States District Court for the Southern District of Indiana. ECF 1. This case was then transferred here. ECF 5, 6, 7. Rushing now seeks to have this case transferred back to the Southern District. ECF 9. However, as Judge Tonya Walton Pratt explained in her order transferring this case, proper venue is in the Northern District of Indiana, not the Southern District. ECF 5. And, though Rushing expresses concern about not getting a fair trial in the state courts around Elkhart or St. Joseph County, that concern is unfounded, as this case is pending in federal court. I simply do not find any reason to consider transferring this case to another district or division. See 28 U.S.C. § 1404. Therefore, this case will stay here.

As to the merits of his complaint, Rushing alleges Officers B. Bush and B. Fitzgerald of the Elkhart County Sheriff's Department, have denied him access to the

courts in connection with his many pending state and federal cases.[1] Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In his complaint, Rushing generally alleges that these two officers are withholding various legal materials and supplies from him, hindering his litigation

---

[1] I do recognize that Rushing asks for a stay in all of his thirteen pending cases. ECF 1 at 3. I cannot grant him that relief in this case. Instead, he must request a stay in each of those cases.

efforts in thirteen separate cases. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original).

Here, the complaint does not identify any non-frivolous lawsuit that has been prejudiced. Instead, Rushing merely lists his 13 pending cases and states, "They are causing me to miss deadlines resulting in dismissals." ECF 1 at 2. However, that statement is too vague to determine if either defendant's conduct prejudiced any potentially meritorious legal claim. Rushing has not explained which case has been prejudiced, specified how that case has been prejudiced, or how that prejudiced case was otherwise meritorious. Therefore Rushing's complaint lacks sufficient facts to adequately plead that the defendants' conduct have denied him meaningful access to the courts.

Because his filing is vague, Rushing will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, he needs to sets forth his claim in sufficient detail and address the deficiencies raised in this order. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He may attach any documentation he has in his possession or can obtain related to his claims.

Accordingly,

(1) the motion (ECF 5) to transfer is DENIED;

(2) the clerk is DIRECTED to place this cause number on a blank Prisoner Complaint form and send it to Rushing;

(3) Rushing is GRANTED to and including May 21, 2018, to file an amended complaint; and

(4) Rushing is CAUTIONED that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

SO ORDERED on April 26, 2018.

/s/ Philip P. Simon
Judge
United States District Court