UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK RUSHING,                           )
                                        )
       Plaintiff,                       )
                                        )
   v.                                   )   Cause No. 3:18-CV-181 PPS
                                        )
ELKHART COUNTY, *et al.*,               )
                                        )
       Defendants.                      )

OPINION AND ORDER

Mark Rushing, *pro se*, filed a complaint in the United States District Court for the Southern District of Indiana, which was transferred here. ECF 1, 5, 6, 7. Rushing generally alleged that Elkhart County Sheriff's Department Officers B. Bush and B. Fitzgerald were hindering his efforts to litigate various state and federal cases. Because the complaint was vague, I found that he did not state a claim for which relief could be granted. I gave Rushing leave to clarify his allegations in an amended complaint, in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Rushing has now filed an amended complaint. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. I apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under

-1-

federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Rushing's amended complaint suffers from the same deficiency as his original. It generally alleges that these two officers withheld various legal materials and supplies from him, hindering his litigation efforts in unidentified cases. As I previously explained, these vague allegations are insufficient to state a constitutional claim. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). In other

words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). Thus, to state a claim, Rushing must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Unfortunately, I am still in the dark as to whether the defendants' conduct prejudiced any potentially meritorious legal claim. Rushing has still not explained which case has been prejudiced, specified how that case has been prejudiced, or how that prejudiced case was otherwise meritorious. Therefore, Rushing's amended complaint lacks sufficient facts to adequately plead that the defendants' conduct have denied him meaningful access to the courts. Because his filing is again unduly vague, Rushing will be granted one more opportunity to re-plead his claims. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Additionally, Rushing has requested an extension of time to file exhibits to his complaint. ECF 18. This will be granted and he will be permitted to file those along with his amended complaint. Rushing has also requested to file his forthcoming exhibits under seal. ECF 15; ECF 17. However, he does not explain what exhibits he plans to file or why be believes they should be filed under seal. This is a problem. "The public at large pays for the courts and therefore has an interest in what goes on at all stages of a

judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Therefore, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Rushing has seemingly placed these yet-to-be filed documents at issue in this proceeding, as he claims they are relevant to the defendants' interfering with his access to the courts. Consequently, the premature motions to seal will be denied. However, if Rushing has a legitimate reason as to why these documents and/or exhibits should be sealed from the public, he can raise that issue in a motion to seal when he files the documents with the court.

Accordingly,

(1) the motions (ECF 15, 17) to seal are DENIED;

(2) the motion (ECF 18) for an extension of time is GRANTED;

(3) Rushing is GRANTED to and including August 20, 2018, to file an amended complaint along with any exhibits; and

(4) Rushing is CAUTIONED that if he does not respond by the deadline, this case is subject to dismissal pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 18, 2018.

/s/ Philip P. Simon
Judge
United States District Court